

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KARIN KLEIN, | No. 11-17250 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00681-RLH-RJJ |
| v. | |
| TAP PHARMACEUTICAL PRODUCTS, INC.; ABBOTT LABORATORIES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted May 14, 2013**
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, District Judge.***

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable Kevin Thomas Duffy, U.S. District Judge for the Southern District of New York, sitting by designation.

Karin Klein claimed that TAP Pharmaceuticals and Abbott Laboratories[1] failed to warn her adequately of the severe side effects she experienced after taking Lupron Depot 3.75 mg. The case was tried to a jury, and Klein lost. She now argues that the district court abused its discretion in several evidentiary and discovery rulings and that the district court was unfairly biased. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Klein challenges the district court's exclusion of several Lupron labels, adverse event reports, scientific articles, and supplemental expert reports. The district court did not abuse its discretion in excluding the challenged Lupron labels because they all contained information regarding the side effects of different formulations of Lupron, rendering them insufficiently relevant, unduly prejudicial, and likely to confuse the jury. *See* Fed. R. Evid. 403. Similarly, the district court did not err in excluding the adverse event reports. They were hearsay reports of uncertain reliability, lacking information relevant to causation. We also affirm the district court's rulings excluding the scientific articles on hearsay grounds because Klein failed to establish that any exception applied. *See* Fed. R. Evid. 803. Finally, the district court appropriately deemed the supplemental expert reports untimely

---

[1]Defendant-Appellee Takeda Chemical Industries, Ltd. has been removed from the caption because it was never served, did not make an appearance, and is not a party to this action.

because Klein submitted the reports two years after the deadline for expert reports and within one month of the start of trial. *See* Fed. R. Civ. P. 26(e) (parties must supplement materially incomplete or incorrect information in a "timely manner").

Klein also challenges the district court's supervision of discovery. The district court acted within its discretion in granting Klein's narrowed motion to compel and requiring Klein to bear the cost of reproducing documents that had already been produced. The district court's denial of Klein's motion to extend discovery was also reasonable because the motion was filed too close to the discovery deadline. D. Nev. Local R. 26-4.

Finally, Klein has not even remotely established that the district court exhibited "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial bias cannot be demonstrated simply by pointing to rulings that disfavored the complaining party.

**AFFIRMED.**